**Alban BRAHO, Petitioner,**

v.

**Michael MUKASEY, Attorney General, Respondent.**

**No. 08–0358–ag.**

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

Scott E. Bratton, Margaret Wong & Associates Co., LPA, Cleveland, OH, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel; Jamie M. Dowd, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Alban Braho, a native and citizen of Albania, seeks review of a December 28, 2007 order of the BIA affirming the February 6, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alban Braho,* No. A 77 714 464 (B.I.A. Dec. 28, 2007), *aff'g* No. A 77 714 464 (Immig. Ct. N.Y. City Feb. 6, 2006). We

assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir. 2007) (per curiam). The Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Assuming that the agency erred in its determination that Braho failed to demonstrate a nexus to his past persecution, remand on this basis would be futile where the agency reasonably concluded that conditions in Albania have fundamentally changed such that he no longer had a well-founded fear of persecution. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006). As the BIA and IJ correctly noted, the leader of Braho's party, the Democratic Party, was elected Prime Minister in the July 2005 elections. While this information is not contained in the record, Braho conceded in his brief to the BIA that it was "undisputed that the Democratic Party took power in the summer of 2005." However, Braho further contends that "there is nothing in the record to establish what the impact will be of the change in Government in Albania."

Regardless, we have held that when making a changed country conditions finding with respect to a country that is "the subject of an appreciable proportion of asylum claims," the agency "need not enter specific findings premised on record evidence." *Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006). Thus, the IJ's "perfunctory" finding of changed country conditions in Albania was adequate. *Id.* at 188. Accordingly, we decline to reach the agency's additional finding that Braho's fear of persecution in Albania was undermined by his false summons.

Moreover, Braho's bald assertion that he still fears being harmed or killed upon his return to Albania because the individuals who forced him to flee "are still there," does not demonstrate that they remain interested in him. Accordingly, any reasonable adjudicator would not be compelled to conclude contrary to the agency's decision. 8 U.S.C. § 1252(b)(4)(B).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).